# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

LEROY LEE NEWELL, JR.,

        Plaintiff,

v.                                                  Civil Action No. 3:05cv8

BARBARA WHITE, Administrator,
et al.,

        Defendants.

## MEMORANDUM, OPINION, and REPORT AND RECOMMENDATION THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE. MEMORANDUM, OPINION, and ORDER THAT PLAINTIFF'S REQUEST FOR COUNSEL BE DENIED.

### I. FACTS

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.03. Having screened the plaintiff's complaint in accord with the local rules of this Court and in accord with the provisions of 28 U.S.C. §§ 1915(e) and 1915A,[1] the undersigned

---

[1] 28 U.S.C. § 1915A provides, in pertinent part, that:
(a) Screening.–The court shall review...a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
    (B) the action or appeal-
        (i)  is frivolous or malicious;
        (ii)  fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

concludes the facts as the plaintiff alleges are insufficient to sustain a claim and the complaint should be summarily dismissed without prejudice.

## II. ANALYSIS

### A. Exhaustion.

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion in § 1997e(a) cases is now mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). While the phrase "with respect to prison conditions" is not defined in 42 U.S.C. § 1997e, the Supreme Court has determined that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516 (2002).[2] Moreover, exhaustion is even required when the relief the prisoner seeks, such as monetary damages, is not available. Booth 532 U.S. at 741. Additionally, district courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant. Brown v. Toombs, 139 F.3d 1102 (6th Cir.), cert. denied, 525 U.S. 833 (1998). The PLRA requires the complaint to be dismissed until the record demonstrates on its face that the prisoner has exhausted his administrative remedy. Brown; 42 U.S.C. § 1997e(a).

The Regional Jail Authority has a three-step grievance process. First, the prisoner must file a level one grievance with the Administrator. If unsatisfied with the Level 1 decision, the prisoner may proceed to level 2 by filing an appeal with the Chief of Operations and then may proceed to level 3 by requesting a review by the Executive Director.

---

[2] In Porter, an inmate sued the correctional officers who had severely beaten him. The inmate alleged that the correctional officers "placed him against a wall and struck him with their hands, kneed him in the back, [and] pulled his hair." Porter, 534 U.S. at 520.

In his complaint filed February 1, 2005 Plaintiff stated "I feel as though I've exhausted all my administrative remedies which I've documented to the best of my ability and through the response to my request that I've attached to this document."[3]  However, Plaintiff did not attach any proof that he exhausted his administrative remedies.  On March 3, 2005 the undersigned Ordered Plaintiff to provide proof that he exhausted his administrative remedies.  On March 17, 2005 Plaintiff filed documentation of the steps he took to seek an administrative solute to his civil action.  Plaintiff filed five inmate grievance requests.  The grievance requests that Plaintiff filed are level 1.  In order to exhaust his remedies Plaintiff must meet level 2 by filing an appeal with the Chief of Operations and then may proceed to level 3 by requesting a review by the Executive Director.

### B. Request for Counsel.

On March 17, 2005, the *pro se* plaintiff, Leroy Lee Newell, Jr., filed a motion for appointment of counsel in the above-styled 42 U.S.C. § 1983 action. In contrast to a criminal proceeding in which the Court has a duty to assign counsel to represent an indigent defendant in accordance with his constitutional rights, the Court in a civil case has the discretion to request an attorney to represent a person unable to employ counsel.  See 28 U.S.C. § 1915(e)(1).  It is well settled that in a civil action the Court should request counsel to represent an indigent only after a showing of a particular need or exceptional circumstance.  Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975).  "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant."  Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).  The plaintiff has failed to demonstrate that his current circumstances require the appointment of counsel for him to pursue a cause of action under 42 U.S.C. § 1983.  Accordingly, the plaintiff's  motion for appointment of counsel is DENIED.

---

[3] Docket No. 1.

## III. RECOMMENDATION

In consideration of the foregoing, it is recommended that Plaintiff's Complaint be **DISMISSED** without prejudice and I ORDER that Plaintiff's Request for Counsel be **DENIED**.

Any party may file within ten (10) days of the date of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to all parties appearing herein.

DATED: March 31, 2005

/s/ James E. Seibert
**JAMES E SEIBERT**
**UNITED STATES MAGISTRATE JUDGE**